UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZAREMBA GROUP, LLC,

    Plaintiff,

v.   Case No. 10-11063
    Hon. Lawrence P. Zatkoff

PAUL SOCIA, DOUGLAS DUNKELBERG,
and CHRISTOPHER OLZEM,

    Third-Party Plaintiffs/Defendants.

v.

WALTER ZAREMBA and FEDERAL
DEPOSIT INSURANCE CORPORATION,
as receiver for Citizens State Bank,

    Third-Party Defendants
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 5, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Third-Party Defendant Federal Deposit Insurance Corporation's Motion to Consolidate [dkt 26], and Plaintiff's Motion to Stay [dkt 32] and Motion to Strike Third-Party Plaintiff/Defendant Christopher Olzem's Reply to the Motion to Consolidate [dkt 36]. Third-Party Plaintiffs/Defendants have filed a joint response concurring in the Motion to Consolidate. In opposing the Motion to Consolidate, Plaintiff and Third-Party Defendant Walter

Zaremba filed separate responses.[1]  Third-Party Defendant Federal Deposit Insurance Corporation and Third-Party Plaintiff/Defendant Christopher Olzem then filed replies to the Motion to Consolidate.

As to Plaintiff's Motion to Stay, Third-Party Defendant Walter Zaremba filed a response concurring in the relief sought in Plaintiff's Motion to Stay.  Third-Party Defendant Federal Deposit Insurance Corporation and Third-Party Plaintiff/Defendant Christopher Olzem have filed responses to Plaintiff's Motion to Stay.[2]  As to Plaintiff's Motion to Strike Third-Party Plaintiff/Defendant Christopher Olzem's Reply, Third-Party Plaintiff/Defendant Christopher Olzem has filed a response.

Having review the parties' filings, the Court does not find that further briefing is necessary. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be decided on the briefs submitted.  For the following reasons, Third-Party Defendant's Motion is GRANTED IN PART and DENIED IN PART; Plaintiff's Motion to Stay is DENIED; and Plaintiff's Motion to Strike is DENIED.[3]

---

[1] Third-Party Defendant Walter Zaremba's response concurs with the arguments presented in Plaintiff's response and no additional arguments are raised in his response.  As such, the Court will refer to Plaintiff's response.

[2] Third-Party Plaintiff/Defendants Douglas Dunkelberg and Paul Socia concur with Third-Party Plaintiff/Defendant Christopher Olzem's response brief to Plaintiff's Motion to Stay, as indicated on the title page and the signature page of the brief.  *See* dkt 39.

[3] As to Plaintiff's Motion to Strike, Plaintiff argues that Third-Party Plaintiff/Defendant Christopher Olzem filed a reply brief to the Motion to Consolidate in violation of E.D. Mich. L.R. 7.1(d).  According to Local Rule 7.1(d)(1)(A), a "movant may also file a reply brief."  Plaintiff asserts that Third-Party Plaintiff/Defendant Christopher Olzem is not a "movant" as the term is used in the local rule and requests that the Court strike his reply brief.  The Court denies Plaintiff's request to strike for two reasons: (1) during the scheduling conference held after the Motion to

## II. BACKGROUND

Plaintiff Zaremba Group, LLC has two lawsuits pending before this Court—this case ("*Zaremba II*") and *Zaremba Group, LLC, v. Federal Deposit Insurance Corporation*, Case No. 10-cv-11245 ("*Zaremba I*")—involving the same two Time Certificate of Deposit Accounts ("CDs"). Yvonne Zaremba ("Yvonne"), acting on behalf of Plaintiff, opened the CDs at Citizens State Bank ("CSB") in 2005. At the same time Plaintiff opened the CDs with CSB, Third-Party Defendant Walter Zaremba ("Walter") sought a commercial loan from CSB, totaling $1,850,000. Plaintiff's CDs with CSB—opened only four days prior to the closing on Walter's loan—were used as collateral to secure the commercial loan to Walter. The proceeds of the loan were paid to non-party Joseph Zada.

CSB's employees that purportedly were involved in reviewing the loan documentation included Third-party Plaintiffs/Defendants Christopher Olzem, Douglas Dunkelberg, and Paul Socia ("Defendants"). According to the FDIC and Defendants, Walter allegedly signed the loan documentation as an authorized member of Plaintiff and with authority to pledge the two CDs as security for the loan. Walter never repaid the loan. CSB refused to allow Plaintiff to withdraw its CDs because of CSB's belief that they were collateral for Walter's unpaid debt.

In January of 2007, CSB seized one of Plaintiff's CDs, applying it towards the debt owing on Walter's loan. On September 15, 2009, Plaintiff filed *Zaremba I* against CSB in Macomb County Circuit Court ("State Court"). Subsequently, CSB was declared insolvent. On December 18, 2009,

---

Consolidate was filed, the Court requested that all parties' file briefs to ensure that the Court had a fully developed basis to review the Motion to Consolidate; and (2) since Third-Party Plaintiff/Defendant Christopher Olzem concurred in the relief requested in the Motion to Consolidate, the Court does not find Third-Party Plaintiff/Defendant Christopher Olzem's reply brief unnecessary or redundant. Accordingly, Plaintiff's Motion to Strike is DENIED.

the FDIC was appointed as receiver of CSB and was substituted as the party for CSB. After a stay had been lifted in State Court, the FDIC removed *Zaremba I* to this Court on March 29, 2010. In *Zaremba I*, Plaintiff claims that Walter never had authority to pledge its CDs and essentially seeks damages with respect to the value of the CDs against the FDIC.

Once CSB went into receivership, Plaintiff filed this case—*Zaremba II*—which was removed to this Court on March 16, 2010. In this case, Plaintiff claims that Defendants were also responsible for allowing Plaintiff's CDs to be pledged as collateral for Walter's loan. Plaintiff alleges that Defendants made material misrepresentations, failed to disclose material information, and aided and abetted CSB in the wrongful conversion of Plaintiff's CDs. Plaintiff also alleges that Defendants conspired with CSB to defraud Plaintiff. In turn, Defendants filed a third-party complaint against the FDIC and Walter. On November 28, 2011, the FDIC filed the instant Motion to Consolidate, seeking to consolidate this case and *Zaremba I*. While reviewing the FDIC's Motion, Plaintiff filed its Motion to Stay on December 19, 2011.

### III. LEGAL STANDARD

The Court may, in the interest of judicial efficiency, consolidate if such cases involve a common question of law or fact. Fed. R. Civ. P. 42(a). The decision to consolidate cases involving the same factual or legal questions is a matter within the discretion of the trial court. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In deciding whether to consolidate cases, the court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.*

## IV.  ANALYSIS

The FDIC and Defendants argue that this case and *Zaremba I* should be consolidated because common questions of law and fact dominate both cases. Specifically, the FDIC and Defendants claim that both cases involve the same facts and parties regarding the use of Plaintiff's CDs as collateral for Walter's commercial loan. In arguing against consolidation, Plaintiff claims that both cases have proceeded on different tracks, resulting in discovery to close in *Zaremba I* on February 15, 2012, as opposed to discovery closing in this case on May 25, 2012. Plaintiff concludes that the appropriate course of action is to stay this case and proceed to a final resolution in *Zaremba I*.

After reviewing the parties' briefs and being fully aware of each case's history, the Court finds that the interests of judicial efficiency warrant consolidation of both cases for discovery purposes. First, both cases arise from the parties' involvement in the same occurrences and transactions—the use of Plaintiff's CDs as collateral for Walter's commercial loan. Plaintiff and Walter even concede such in their responses, agreeing that the two cases arise out of the same circumstances. The main difference between the two cases is that Plaintiff asserts its claims against the FDIC in *Zaremba I* as opposed to the bank employees (Defendants) in this case (*Zaremba II)*.

Second, one of the central factual disputes between the parties exists in both cases. Plaintiff argues that Walter never had authority to act on behalf of Plaintiff to pledge its CDs. In apparent agreement with Plaintiff, Walter contends that his signature was forged on the loan documentation pledging Plaintiff's CDs. In defending against Plaintiff's claims, the FDIC, as receiver of CSB, argues that Walter represented to CSB and its employees that he had authority to pledge the CDs and that Yvonne, acting as Plaintiff's managing member, was aware of the loan and ratified the use of the CDs as collateral. Defendants' defenses mirror the FDIC. Thus, resolving this factual dispute

in either case will involve similar discovery. Testimony of Walter, Yvonne, James Zaremba, Defendants, and other CSB bank employees will be necessary in both cases.

Third, both cases involve common questions of law. Plaintiff's claims against the FDIC and Defendants are almost identical in both cases.[4] In this case (*Zaremba II*), Plaintiff asserted claims against Defendants for statutory conversion, fraud and silent fraud, negligence, innocent misrepresentation, and constructive fraud. The same claims are asserted against the FDIC in *Zaremba I*.

Fourth, the Court does not find any specific risks of prejudice. There is no prejudice to Plaintiff in allowing the two cases to be consolidated for discovery since the difference in the current stages of each cases is approximately three months. Even assuming such risks exist, any prejudice is overborne by the common factual and legal issues in both cases, judicial efficiency, and the decrease of the burden on the parties and witnesses in not conducting identical discovery in both cases.

The Court also notes Plaintiff's motion to stay this case until *Zaremba I* is resolved. Unlike Plaintiff, the Court is not wholly convinced that a resolution of *Zaremba I* will resolve this case. Once *Zaremba I* is resolved and the stay is lifted in this case, the parties would be entitled to discovery; discovery that would involve similar document production and depositions that already occurred in *Zaremba I*. The Court therefore does not find that staying this case at this time is appropriate.

The Court further acknowledges Plaintiff's point that *Zaremba I* is not subject to a jury demand whereas Plaintiff's claims asserted in this case are subject to a jury demand. To address any

---

[4] The FDIC's Motion and brief contains a table comparing Plaintiff's complaints in both cases. The table indicates the similarity of Plaintiff's claims.

confusion that may result from this difference, the Court finds it appropriate to consolidate the cases for discovery purposes only. Accordingly, for these reasons, the Court grants FDIC's Motion to the extent the cases are consolidated for the discovery phase. To the extent, however, that the FDIC requests both cases be consolidated entirely, such request is denied.[5]

## V. CONCLUSION

For the reasons set forth above, Third-Party Defendant Federal Deposit Insurance Corporation's Motion to Consolidate [dkt 26] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that this case, *Zaremba II*, case no. 10-11063, is consolidated with *Zaremba I*, case no. 10-11245, for discovery purposes. As of the date of entry of this Opinion and Order, discovery shall proceed forward with involvement of the parties in *Zaremba I* and *Zaremba II*.

IT IS FURTHER ORDERED that the Scheduling Order [dkt 27] in this case applies in both cases to the extent that the discovery cut-off date is due by May 25, 2012, the dispositive motion cut-off date is June 15, 2012, and the final pre-trial conference is set for October 11, 2012.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay [dkt 32] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Third-Party Plaintiff/Defendant Christopher Olzem's Reply to the Motion to Consolidate [dkt 36] is DENIED.

IT IS SO ORDERED.

---

[5] Having found that consolidation is appropriate, the Court finds that no further analysis of Plaintiff's motion to stay is necessary. *See Landis v. North American Co.*, 299 U.S. 248, 254–55 (explaining that the court must exercise its judgment in staying proceedings).

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: January 5, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 5, 2012.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290